No. 15-1151

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| KENNETH OGUREK, | ) | Appeal from the United States |
| | ) | District Court for the Central |
| Plaintiff-Appellant, | ) | District of Illinois. |
| | ) | |
| v. | ) | Case No. 1:13-cv-01423 |
| | ) | |
| JEFFREY GABOR, Correctional Officer, | ) | The Honorable |
| | ) | JAMES E. SHADID, |
| Defendant-Appellee. | ) | Judge Presiding. |

**BRIEF AND SUPPLEMENTAL APPENDIX OF DEFENDANT-APPELLEE**

**LISA MADIGAN**
Attorney General
State of Illinois

**CAROLYN E. SHAPIRO**
Solicitor General

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

*Attorneys for Defendant-Appellee
Jeffrey Gabor.*

**CHRISTOPHER M. R. TURNER**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2175
cturner@atg.state.il.us

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     Gabor's Disciplinary Ticket Against Ogurek. . . . . . . . . . . . . . . . . . . . . . . . 4

II.    The District Court Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

I.     The District Court's Judgment Should Be Summarily Affirmed
       Or Ogurek's Opening Brief Should Be Stricken Because It Does Not
       Comply With Federal Rule Of Appellate Procedure 28. . . . . . . . . . . . . . . . . . 13

II.    The Standard Of Review And Summary Judgment Standard. . . . . . . . . . . . . 15

III.   The District Court Properly Granted Summary Judgment Because
       Ogurek Did Not Produce Evidence That Raised A Genuine Issue
       Of Material Fact That Gabor Retaliated Against Him. . . . . . . . . . . . . . . . . . . 16

IV.    Alternatively, Summary Judgment Was Proper Because
       Gabor Is Protected By Qualified Immunity.. . . . . . . . . . . . . . . . . . . . . . . . . . 25

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

# TABLE OF AUTHORITIES

**CASES**                                                      **Pages(s)**

*Albiero v. City of Kankakee,*
  246 F.3d 927 (7th Cir. 2001)............................................. 15

*Anderson v. Hardman,*
  241 F.3d 544 (7th Cir. 2001)............................................. 14

*Anderson v. Litscher,*
  281 F.3d 672 (7th Cir. 2002)........................................... 17, 23

*Ashcroft v. Al-Kidd,*
  131 S. Ct. 2074 (2011)................................................... 26

*Borrello v. Allison,*
  446 F.3d 742 (7th Cir. 2006)............................................. 26

*Brosseau v. Haugen,*
  543 U.S. 194 (2004)..................................................... 26

*Carrascosa v. McGuire,*
  520 F.3d 249 (3d Cir. 2008). ............................................ 2

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986)..................................................... 15

*Ciomber v. Cooperative Plus, Inc.,*
  527 F.3d 635 (7th Cir. 2008)............................................. 22

*Correa v. White,*
  518 F.3d 516 (7th Cir. 2008) (per curiam)............................. 13, 14

*Cygan v. Wis. Dep't of Corr.,*
  388 F.3d 1092 (7th Cir. 2004)......................................... 16, 25

*Day v. N. Ind. Pub. Serv. Corp.,*
  164 F.3d 382 (7th Cir. 1999)............................................. 14

*Devbrow v. Gallegos,*
  735 F.3d 584 (7th Cir. 2013)............................................. 20

*Edgewood Manor Apartment Homes v. RSUI Indem. Co.,*
    733 F.3d 761 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

*Friend v. Valley Cmty. Unit Sch. Dist. 365U,*
    789 F.3dd 707 (7th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Gross v. Town of Cicero, Ill.,*
    619 F.3d 697 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Gunville v. Walker,*
    583 F.3d 979 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Hasan v. U.S. Dep't of Labor,*
    400 F.3d 1001 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20, 22, 27

*Hrobowski v. Worthington Steel Co.,*
    358 F.3d 473 (7th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 22

*Johnson v. Cambridge Indus., Inc.,*
    325 F.3d 892 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Khuans v. Sch. Dist. 110,*
    123 F.3d 1010 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

*Kidwell v. Eisenhauer,*
    679 F.3d 957 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 24

*Larkin v. Oswald,*
    510 F.2d 583 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Liu v. T & H Mach., Inc.,*
    191 F.3d 790 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*L.S.F. Transp., Inc. v. NLRB,*
    282 F.3d 972 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Maxwell v. Mason,*
    668 F.2d 361 (8th Cir 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*McClendon v. Indiana Sugars Inc.,*
    108 F.3d 789 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*McDonald v. Village of Winnetka,*
    371 F.3d 992 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Miles v. General Motors Corp.,*
    262 F.3d 720 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 22

*Morfin v. City of East Chicago,*
    349 F.3d 989 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Patterson v. Coughlin,*
    905 F.2d 564 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Pearson v. Callahan,*
    555 U.S. 223 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Reichle v. Howards,*
    132 S. Ct. 2088 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

*Riccardo v. Rausch,*
    375 F.3d 521 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Scruggs v. Garst See Co.,*
    587 F.3d 832 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Smith v. Dunn,*
    368 F.3d 705 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Springer v. Durflinger,*
    518 F.3d 479 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 20, 23

*Thayer v. Chiczewski,*
    705 F.3d 237 (7th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Dist.,*
    278 F.3d 693 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 27

*Weber v. Univs. Research Ass'n, Inc.,*
    621 F.3d 589 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Whitman v. Nesic,*
    368 F.3d 931 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Zellner v. Herrick*,
    639 F.3d 371 (7th Cir. 2011)..................................... 18, 20, 21

**STATUTES, RULES, AND REGULATIONS**

28 U.S.C. § 1291.................................................... 2

28 U.S.C. § 1331.................................................... 1

42 U.S.C. § 1983.................................................. 1, 7

28 U.S.C. § 1915A.................................................. 7

Fed. R. App. P. 4.................................................. 1, 2

Fed. R. App. P. 28............................................... 13, 14

Fed. R. Civ. P. 56.................................................. 15

Fed. R. Civ. P. 59............................................ 1, 2, 11, 23

CDIL-Loc. R. 26.3(A)............................................. 8, 21

20 Ill. Admin. Code § 504.30....................................... 7

20 Ill. Admin. Code § 504. App. A.............................. 4, 6, 20

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant Kenneth Ogurek provided no jurisdictional statement and so his brief does not contain a complete and correct jurisdictional statement. Ogurek, an inmate in the custody of the Illinois Department of Corrections, filed a complaint in the district court pursuant to 42 U.S.C. § 1983 alleging that, while incarcerated at Pontiac Correctional Center, Defendant-Appellee Jeffrey Gabor violated his rights under the First and Eighth Amendments of the Constitution. (Doc. 1).[1] Accordingly, the district court had subject matter jurisdiction over Ogurek's federal claims on the basis of the federal question presented. 28 U.S.C. § 1331.

The district court dismissed Ogurek's Eighth Amendment claim on merit review. (Doc. 7). On January 7, 2015, the court granted Gabor's motion for summary judgment on Ogurek's remaining First Amendment claim (Doc. 38 (SA1-9)), and then entered final judgment under Federal Rule of Civil Procedure 58 on January 8, 2015 (Doc. 39 (SA10)). On January 26, 2015, Ogurek timely filed a motion for reconsideration. (Doc. 41); Fed. R. Civ. P. 59(b), (e). That same day, Ogurek filed a notice of appeal with this Court. (Doc. 42 (SA11-12)). The district court denied Ogurek's motion for reconsideration on February 18, 2015. (Doc. 48 (SA13-15)). Although Ogurek filed his notice of appeal before the district court's final February 18, 2015 order, this Court has jurisdiction over his appeal of the

---

[1] This brief will refer to the numbered documents in the record on appeal as "Doc.  ," to the documents in the appellate record as "App. Doc. __," to the pages in Gabor's Supplemental Appendix as "SA__," and to the pages in Ogurek's opening brief as "Pl. Br. at __."

court's order granting summary judgment pursuant to 28 U.S.C. § 1291.

Fed. R. App. P. 4(a)(2), (a)(4)(B)(i).

This Court does not have appellate jurisdiction, however, over any challenge that Ogurek might raise to the district court's subsequent order denying Ogurek's Civil Rule 59(e) motion. Rule 4(a)(4)(B)(ii) provides that "[a] party intending to challenge an order disposing of [a Rule 59 motion] . . . must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining order." Fed. R. App. P. 4(a)(4)(B)(ii); *see* Fed. R. App. 4(a)(4)(A)(iv). But Ogurek neither filed a notice of appeal of that order nor amended his notice of appeal to include that order. Therefore, to the extent that Ogurek challenges the court's denial of his Rule 59 motion, this Court does not have jurisdiction over that challenge. *See, e.g., Carrascosa v. McGuire*, 520 F.3d 249, 252-54 (3d Cir. 2008) (finding no jurisdiction to review denial of Rule 59 motion for reconsideration after notice of appeal filed); *Miles v. General Motors Corp.*, 262 F.3d 720, 722-23 (8th Cir. 2001) (finding no jurisdiction over challenge to ruling denying Rule 59 motion for new trial issued after notice of appeal filed).

2

## ISSUES PRESENTED FOR REVIEW

1.      Whether the judgment should be summarily affirmed or Ogurek's opening brief should be stricken because his brief does not comply with Federal Rule of Appellate Procedure 28.

2.      Whether the district court properly granted summary judgment against Ogurek on his claim that Gabor retaliated against him in violation of the First Amendment by issuing a disciplinary ticket for impeding an investigation.

a.      Whether Ogurek failed to produce evidence that raised a genuine issue of material fact that Ogurek's letter to the prison warden accusing inmate Osorio of assault and stealing was a motivating factor for Gabor issuing the disciplinary ticket against Ogurek as necessary to support his *prima facie* case of retaliation.

b.      If he did submit such evidence, whether Ogurek failed to produce evidence that raised a genuine issue of material fact that Gabor's proffered reason that he issued the disciplinary ticket because Ogurek impeded Gabor's investigation was a pretext for retaliation.

3.      Alternatively, whether summary judgment was proper because Gabor is protected by qualified immunity.

## STATEMENT OF THE CASE

This appeal arises from the district court's grant of summary judgment against Ogurek on his First Amendment claim that Gabor issued a disciplinary ticket against him in retaliation for writing a letter to the prison warden accusing another inmate of assault and theft.   Plaintiff Ogurek is an inmate in the custody of the Illinois Department of Corrections ("Department"), serving a life sentence without the possibility of parole.  (Doc. 1 at 1, 23); *see* https://www.idoc.state.il.us/ subsections/search/inms_print.asp?idoc=N44063.  At all relevant times, Ogurek was incarcerated at Pontiac Correctional Center (Doc. 1 at 2-3; Doc. 27-2 at 8-9), though he is now at Stateville Correctional Center (Doc. 1 at 1).  Defendant Gabor is an Internal Security Investigator II for the Department.  (Doc. 27-1 at 1).  Gabor was employed in that position at Pontiac from April 2008 until June 2012.  (*Id*.).  One of his duties in that position was to investigate all allegations of assault.  (*Id*.).

## I.     Gabor's Disciplinary Ticket Against Ogurek

On December 27, 2011, Correctional Officer Richard Kling observed Ogurek fighting with inmate Trino Osorio in front of Ogurek's cell in the Protective Custody unit at Pontiac.  (Doc. 27-1 at 1).  Kling then issued disciplinary tickets to both Ogurek and Osorio for fighting.  (*Id*.); 20 Ill. Admin. Code § 504. App. A (Infraction 301).  Ogurek was found guilty of fighting and placed in segregation.  (Doc. 1 at 2, 19).  Ogurek does not allege that this ticket was retaliatory or violated his constitutional rights.  (*See id*. at 1-4).

After the altercation, Ogurek wrote a letter to the Pontiac warden.  (Doc. 27-1 at 1; Doc. 1 at 2).  In that letter, Ogurek stated that he wanted to file charges against Osorio for assault and claimed that Osorio had stolen his property.  (Doc. 27-1 at 1-2).  At his deposition, Ogurek explained that he wrote this letter to the warden about "pressing charges against the guy who beat me up and the guy who stole my property."  (Doc. 27-2 at 13-14).  The next day, the warden's office forwarded the letter to Gabor for further investigation, and Gabor initiated an investigation of Ogurek's claims.  (Doc. 27-1 at 1-2).  Gabor attested that, as part of his investigation of Ogurek's letter, he reviewed video footage of the December 27, 2011 altercation between Ogurek and Osorio, and that the video showed that Ogurek had "initiated contact" with Osorio, which then escalated into the fight observed by Officer Kling. (*Id*. at 2; *see* Doc. 1 at 20).

On January 9, 2012, Gabor spoke with Ogurek in a holding cell at Pontiac. (Doc. 27-1 at 2; Doc. 27-2 at 19-20).  Gabor asked Ogurek why he had written the letter to the warden's office, and Ogurek responded that he wanted to press charges against Osorio for assault.  (Doc. 27-1 at 2).  Gabor told Ogurek that he had watched the video of the incident, that it showed that Ogurek had "initiated contact" with Osorio (*Id*.), and that Ogurek's representations were inconsistent with what Gabor saw in the video of the fight (Doc. 27-2 at 19).  Ogurek "denied initiating contact" or "any active participation" in the fight.  (Doc. 27-1 at 2).  Gabor then informed Ogurek that, if he continued to make false statements about the altercation, he would issue

Ogurek a disciplinary ticket for impeding the investigation. (*Id*.). At his deposition, Ogurek testified that, after he refused to recant, Gabor stated that he would issue the disciplinary ticket against him for impending an investigation because Ogurek "wouldn't admit [he] grabbed the guy who beat [him] up." (Doc. 27-2 at 19). Ogurek also agreed that Gabor told him that he would issue the disciplinary ticket because Ogurek's account of the incident was different from the video. (*Id*. at 20). Ogurek continued to insist that he was telling the truth. (Doc. 27-1 at 2). Ogurek claimed that the video shows that he did "not even touch[] the guy," but admitted that he had never seen the video. (Doc. 27-2 at 19-20).

On the following day, January 10, 2012, Gabor issued a disciplinary ticket to Ogurek for impending an investigation. (Doc. 27-1 at 2-3; *see* Doc. 1 at 20-21); 20 Ill. Admin. Code § 504. App. A (Infraction 110). Gabor's "sole purpose" in issuing the ticket was to maintain order and discipline at Pontiac. (Doc. 27-1 at 3). The prison Adjustment Committee subsequently found Ogurek guilty of the infraction. (Doc. 1 at 16).

Ogurek filed a grievance challenging the discipline for fighting and for impeding an investigation. (*Id*. at 14-16). The grievance was denied. (*Id*. at 16). After Ogurek appealed, the Department's Administrative Review Board ("ARB") recommended that the grievance challenging the Adjustment Committee's disciplinary action for fighting be denied. (*Id*.). The ARB recommended that the Committee's disciplinary action for impeding an investigation, however, be expunged

due to Gabor's non-compliance with the Department's provision governing the procedures for disciplinary tickets, 20 Ill. Admin. Code § 504.30, because the matter was covered by the prior ticket for the underlying fight, and because Gabor failed to substantiate the charge. (*Id*. at 19). The Department's Director concurred with respect to both disciplinary actions. (*Id*.).

## II.     The District Court Proceedings

In September 2013, Ogurek filed a complaint under 42 U.S.C. § 1983. (Doc. 1). Ogurek alleged that Gabor had violated his First Amendment rights by issuing the disciplinary ticket to him in retaliation for writing the letter to the warden about pursuing charges against inmate Osorio for assault and stolen property. (*Id*. at 3-4). Ogurek also alleged that Gabor's same conduct violated his rights under the Eighth Amendment because it subjected him to cruel and unusual punishment. (*Id*. at 4). Ogurek sought a declaratory judgment, nominal damages, compensatory damages for additional time spent in segregation and lost prison wages, and punitive damages. (*Id*. at 4-5).

On merit review under 28 U.S.C. § 1915A, the district court dismissed Ogurek's Eighth Amendment claim but allowed him to proceed on his First Amendment retaliation claim. (Doc. 7). After Gabor filed an answer and affirmative defenses (Doc. 11), the court entered a scheduling order (Doc. 15). The scheduling order provided instructions regarding discovery, which would close on August 29, 2014. (*Id*. at 1-5). It explained that the parties were responsible for serving

7

subpoenas, that all discovery requests "must be mailed to a party at least 30 days before the discovery deadline," and that the "Plaintiff must mail his discovery requests directly to Defendant's counsel and not file the requests with the Court or the Clerk." (*Id.* at 5); *see* CDIL-Loc. R. 26.3(A) (providing that discovery "must not be filed with the clerk of this court"). Dispositive motions were due by September 29, 2014. (Doc. 15 at 7).

On August 8 and 15, 2014, Ogurek filed two discovery requests with the district court. (Docs. 21, 22). Among other requests, he sought a copy of the video footage of the December 27, 2011 altercation. (Doc. 21). Each document specified that Ogurek filed the discovery requests, but did not indicate that the discovery was otherwise served on Gabor. (Doc. 21 at 2; Doc. 22 at 2).

On September 29, 2014, Gabor filed a motion for summary judgment, arguing that Ogurek could not raise a genuine issue of material fact either that retaliation was a motivating factor for Gabor issuing the disciplinary ticket or, alternatively, that Gabor's proffered non-retaliatory motive for the ticket was pretext for retaliations. (Docs. 26, 27, 29-1).[2] Rather, Gabor asserted that he issued the disciplinary ticket because Ogurek impeded his investigation of Ogurek's accusation by continuing to make statements regarding the altercation that were inconsistent with what Gabor saw on the video. (Doc. 29-1 at 9-11). Gabor argued, alternatively, that he was

---

[2] Soon after filing his motion, Gabor filed an amended memorandum in support of summary judgment to make non-substantive corrections to the numbering and form of the memorandum. (Docs. 29, 29-1; *see also* Doc. 38 at 1 (SA1) (granting leave to file amended memorandum)).

protected by qualified immunity. (*Id*. at 11-12). In support of his motion, Gabor submitted his affidavit attesting to the basic facts surrounding the disciplinary ticket (Doc. 27-1), and the transcript of Ogurek's deposition (Doc. 27-2).

Ogurek filed two documents in response. (Docs. 30, 31). Ogurek stated that the video would show that he had not grabbed Osorio, but conceded that he had not seen the video. (Doc. 30 at 1; Doc. 31 at 1). Ogurek also argued that there was no investigation to impede, since he already had been found guilty of the fight, and noted that the ARB subsequently expunged the challenged disciplinary ticket. (Doc. 31 at 1). Ogurek further referred to his prior request for discovery of the video footage. (Doc. 30 at 1; Doc. 31 at 2). Ogurek submitted no evidence with his responses.

Ogurek later filed a motion to compel discovery of the video. (Doc. 34). Although Ogurek did not attach any discovery requests or other documents in support, he appeared to refer back to his August 8, 2014 discovery document filed with the district court. (*Id*. at 1; *see* Doc. 21). Gabor opposed the motion to compel, arguing that he was never served with any discovery request consistent with the circuit court's scheduling order and local rules, that Ogurek filed the motion to compel long after the discovery deadline, and that the parties already had briefed a summary judgment motion and, therefore, it would be prejudicial to reopen discovery. (Doc. 35 at 1-2).

The district court entered an order denying Ogurek's discovery and granting summary judgment in favor of Gabor. (Doc. 38 at 8-9 (SA8-9)). The court first

denied Ogurek's various discovery motions filed with the court, including his recent

motion to compel production of the video, because Ogurek failed to demonstrate that

he had ever properly served Gabor with that discovery.  (*Id*. at 1-2 (SA1-2)).  The

court then found that Ogurek failed to offer any evidence — let alone evidence that

raised a genuine issue of material fact — that Gabor had issued the disciplinary ticket

in retaliation for writing his letter to the warden.  (*Id*. at 6-7 (SA6-7)).  Instead,

Ogurek relied solely on his own subjective belief.  (*Id*. at 7 (SA7)).  As to Ogurek's

claim regarding the video, the court explained that Ogurek neither made the video a

part of the record nor properly sought the video during discovery.  (*Id*.).  The court

further noted that Ogurek had admitted that Gabor told him that he would issue the

disciplinary ticket because Ogurek's claim he did not start the fight was inconsistent

with what he saw in the video.  (*Id*. at 7-8 (SA7-8)).  Consequently, the court granted

summary judgment and entered final judgment in the case.  (*Id*. at 8; Doc. 39 (SA8,

10)).

Ogurek filed a motion for reconsideration of summary judgment.  (Doc. 41).

Ogurek argued that he had new evidence in the form of an attached December 17,

2014 letter from the Department responding to his Freedom Of Information Act

("FOIA") request for the video footage.  (*Id*. at 1, 3).  That letter confirmed that

Pontiac did not possess the video footage that Ogurek requested.  (*Id*. at 3).  Ogurek

argued that this letter showed that Gabor had lied about seeing the video, and asked

the court to reconsider its ruling. (*Id*. at 1-2). On that same day, Gabor filed a notice of appeal of the district court's summary judgment ruling. (Doc. 42 (SA11-12)).

On February 18, 2015, the district court denied Ogurek's motion. (Doc. 48 at 3 (SA15)). Construing Ogurek's motion as one under Federal Rule of Civil Procedure 59(e), the court found that the motion did not attempt to show it committed a manifest error of law or fact. (*Id*. at 1-2 (SA13-14)). Instead, Ogurek relied on "new evidence" in the form of the Department's response letter stating that Pontiac did not possess the requested video. (*Id*. at 2 (SA14)). The court held that this letter did not constitute newly discovered evidence under Rule 59 because Ogurek failed to show that he could not have obtained it during the discovery phase of the trial, much less before summary judgment. (*Id*.). Alternatively, the court found that Ogurek failed to demonstrate that the letter would have produced a different result in the case. (*Id*.).

This appeal followed. After Ogurek filed his opening brief (App. Doc. 24), Gabor moved to summarily affirm or strike Ogurek's brief for violations of Federal Rule of Appellate Procedure 28(a), (App. Doc. 26). Gabor's motion was denied by the motions judge. (App. Doc. 27).

## SUMMARY OF THE ARGUMENT

The district court's grant of summary judgment should be affirmed. As a threshold matter, the Court should summarily affirm the district court's judgment or strike Ogurek's opening brief because it violates Federal Rule of Appellate Procedure 28 by failing to cite to any record evidence or to set forth any meaningful legal argument to reverse summary judgment. Regardless, summary judgment should be affirmed because Ogurek failed to produce evidence in the district court, and fails to identify evidence on appeal, from which a jury could find a genuine issue of material fact that Gabor issued the disciplinary ticket in retaliation for Ogurek's letter to the warden regarding inmate Osorio. Even if he had, summary judgment still was proper because Ogurek also failed to submit evidence that raised a reasonable inference that Gabor's proffered reason for the ticket — that Ogurek had impeded his investigation of Ogurek's claim that Osorio assaulted him — was a pretext for retaliation.

In the alternative, even if Ogurek raised a genuine issue of material of retaliation on the merits of his claim, summary judgment was proper because he failed to show that Gabor was not protected by qualified immunity.

**ARGUMENT**

I.    **The District Court's Judgment Should Be Summarily Affirmed Or Ogurek's Opening Brief Should Be Stricken Because It Does Not Comply With Federal Rule Of Appellate Procedure 28.**

Although Gabor's previous motion to strike Ogurek's opening brief was denied (App. Doc. 27), Gabor requests that the panel reconsider summarily affirming the judgment or striking Ogurek's opening brief because it fails to comply with the most basic requirements of Federal Rule of Appellate Procedure 28, Fed. R. App. P. 28(a). This Court may summarily affirm a judgment for a *pro se* appellant's failure to comply with the requirements of Rule 28(a) or, alternatively, strike the appellant's brief or portions of the brief that violate the Rule. *Friend v. Valley Cmty. Unit Sch. Dist. 365U*, 789 F.3dd 707, 712 (7th Cir. 2015); *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702-03 (7th Cir. 2010); *Correa v. White*, 518 F.3d 516, 518 (7th Cir. 2008) (per curiam); *see also L.S.F. Transp., Inc. v. NLRB*, 282 F.3d 972, 975 n.1 (7th Cir. 2002) (violations of rules may result in brief being stricken, summary affirmance, and sanctions). Here, Ogurek's opening brief violates Rule 28(a) by failing to present any legal argument or record support for its assertions to the Court and opposing parties.

Rule 28 requires appellants to include a statement of the case "setting out the facts relevant to the issues . . . with appropriate references to the record" and to support the arguments in their brief "with citations to the authorities and parts of the record" on which they rely. Fed. R. App. P. 28(a)(6), (7), (8)(A). Ogurek's opening brief, however, contains no statement of the case setting forth the relevant

13

facts and procedural history, nor does it cite to any part of the record in support of his assertions as required by Appellate Rule 28(a)(6). (Pl. Br. at 1-6). *L.S.F. Transp.*, *Inc.*, 282 F.3d at 975 n.1 ("Appellant has failed to comply with these rules, providing but five (5) citations to the record in the entire six page statement of facts."); *Day v. N. Ind. Pub. Serv. Corp.*, 164 F.3d 382, 384 (7th Cir. 1999) (parties should not "expect[] the court to peruse the record without the help of pinpoint citations").

Moreover, Ogurek's brief provides no argument section or meaningful legal argument to support reversal of the district court's summary judgment. Fed. R. App. P. 28(a)(8); (*see* Pl. Br. at 2-6). His brief fails to identify the nature or elements of his retaliation claim, does not address (let alone set forth any legal contentions challenging) the district court's decision and reasons for granting summary judgment, and fails to address the court's decision denying his motion for reconsideration. Although Ogurek cites to some legal authority, he does not attempt to explain the relevance of that authority or how it demonstrates any error on the part of the district court. (*Id*. at 4-5); *see Correa*, 518 F.3d at 518 (striking *pro se* brief for failing to provide argument why district court erred and record citations in support); *Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001) (court "cannot fill the void by crafting arguments and performing the necessary legal research").

In addition, Ogurek's brief contains no table of contents, table of authorities, statement of the issues, or jurisdictional statement as required by the Appellate Rule. Fed. R. App. P. 28(a)(2), (3), (4), (5).

Given Ogurek's disregard for the rules, his arguments on appeal are not easily gleaned from even an expansive reading of his brief. For these reasons, this Court should summarily affirm the judgment or, alternatively, strike his brief or at least those portions not supported by record citation. *See Friend*, 789 F.3d at 712 (striking portions of appellant's argument not supported by record citation or identification of specific legal error); *Gross*, 619 F.3d at 702-03 (striking party's factual assertions not supported by record citation).

## II.     The Standard Of Review And Summary Judgment Standard

The district court's grant of summary judgment is reviewed *de novo*. *Smith v. Dunn*, 368 F.3d 705, 708 (7th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The primary function of summary judgment is to isolate and dispose of claims not backed by sufficient evidence. *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). Once a party has filed a motion for summary judgment, the burden shifts to the non-moving party to offer specific evidence establishing a triable issue of fact. *Liu v. T & H Mach., Inc*., 191 F.3d 790, 796 (7th Cir. 1999); *see also Albiero*, 246 F.3d at 933 (plaintiff must point to record evidence sufficient to prove genuine issues of material fact for each claim). "[T]he burden is on the non-moving party to come

forward with specific facts in the record that demonstrate there is a genuine issue for trial." *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). Although the court draws all inferences in favor of the non-moving party, "[i]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004) (internal quotations omitted). Instead, the non-moving party must "affirmatively demonstrate that there is a genuine issue of material fact for trial." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Therefore, conclusory allegations, unsupported challenges to witness credibility or inferences, speculation, and appeals to metaphysical doubt are insufficient to defeat a well-supported summary judgment motion. *Springer v. Durflinger*, 518 F.3d 479, 484-85 (7th Cir. 2008). Finally, this Court may affirm the district court's award of summary judgment on any basis supported by the record. *Cygan v. Wis. Dep't of Corr.*, 388 F.3d 1092, 1098 (7th Cir. 2004).

## III.  The District Court Properly Granted Summary Judgment Because Ogurek Did Not Produce Evidence That Raised A Genuine Issue Of Material Fact That Gabor Retaliated Against Him.

The district court properly granted summary judgment in favor of Gabor. Ogurek fails to identify any evidence in his opening brief, and failed to produce any evidence in the district court, that retaliation was a motivating factor in Gabor's decision to issue the disciplinary ticket as necessary to support a *pima facie* of retaliation, and his mere speculation as to Gabor's motive is insufficient to raise a

16

genuine issue of material fact.  Even if Ogurek had presented sufficient evidence to support a *prima facie* case of improper motive, he also did not present any evidence that raised a reasonable inference that Gabor's proffered reason for issuing that disciplinary ticket — that Ogurek impeded his investigation by falsely denying that he started the fight with Osorio — was a pretext for retaliation.[3]

To prevail on a First Amendment retaliation claim, the plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the defendant took the challenged action because of the plaintiff's protected activity.  *Gunville v. Walker*, 583 F.3d 979, 983 (7th Cir. 2009).  To establish a *prima facie* case of the third element of a First Amendment retaliation claim[4], a plaintiff must produce evidence that his protected activity was at least a motivating factor for the challenged action.  *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012).  Temporal proximity or suspicious timing of any challenged discipline is not enough standing alone to raise a genuine issue of material fact that the discipline was motivated by the plaintiff's protected activity.  *See, e.g.*, *id*. at 966; *Smith*, 368 F.3d at 708-09.

---

[3]  Ogurek has not raised on appeal, and so has forfeited, any challenge to the dismissal of his Eighth Amendment claim.  *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (failure to raise issue in opening brief forfeits it on appeal).

[4]  For purposes of this summary judgment motion, Gabor does not dispute that Ogurek satisfied the first two elements of his retaliation claim.

If the plaintiff clears this hurdle, then the burden shifts to the defendant to rebut the causal inference by submitting evidence that he would have taken the same action in the absence of the plaintiff's protected activity. *Thayer v. Chiczewski*, 705 F.3d 237, 252 (7th Cir. 2012); *see Hasan v. U.S. Dep't of Labor,* 400 F.3d 1001, 1006 (7th Cir. 2005) ("[T]he burden shifts to the employer to show that he would have taken the action anyway, even if his heart had been pure."). In the summary judgment context, if the defendant meets this burden, the plaintiff must then produce evidence upon which a rational finder of fact could infer that the defendant's proffered reason for the challenged action was pretextual and that retaliatory animus was the real reason. *Zellner v. Herrick*, 639 F.3d 371, 379 (7th Cir. 2011). Evidence of the defendant's unconstitutional motive is not enough; the plaintiff's evidence must raise a permissible inference that the challenged act would not have occurred "but for" the plaintiff's protected activity. *Thayer*, 705 F.3d at 252; *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Dist.*, 278 F.3d 693, 700 (7th Cir. 2002).

First, as the district court held, Ogurek failed to present any evidence that retaliation prompted Gabor's decision to issue the disciplinary ticket. (Doc. 38 at 6-7). Indeed, as set forth in Section I, Ogurek fails to identify any record evidence in his opening brief — let alone cite to any such evidence — that retaliation was a motivating factor for Gabor. Therefore, he forfeited any such argument on appeal. *See Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 478 (7th Cir. 2004). Likewise, in opposing summary judgment in the district court, Ogurek failed to cite to or

identify any evidence to show that Gabor was motivated by retaliatory animus. (Doc. 31 at 1-3; Doc. 30 at 1-2). On these bases alone, summary judgment should be affirmed. *See, e.g.*, *Weber v. Univs. Research Ass'n, Inc.*, 621 F.3d 589, 592-93 (7th Cir. 2010) (plaintiff forfeited evidentiary argument in favor of retaliation claim by failing to develop it in district court); *Hrobowski*, 358 F.3d at 478-79 (affirming summary judgment where *pro se* appellant failed to cite to record evidence in support of element of claim); *Johnson v. Cambridge Indus., Inc*., 325 F.3d 892, 898-99 (7th Cir. 2003) (evidence not designated for district court in opposing summary judgment may not be asserted on appeal).

Instead, Ogurek speculates that retaliation was Gabor's motive because, he contends, Gabor was angry with him for writing the letter to the warden about Osorio. (Pl. Br. at 2-3). Gabor, however, attested that he issued the disciplinary ticket against Ogurek because Ogurek accused Osorio of assault, Gabor viewed video that showed that Ogurek had started the fight, and, despite Gabor's warning, Ogurek continued to claim that he did not start the fight. (Doc. 27-1 at 2-3). Likewise, at his deposition, Ogurek conceded that Gabor had warned him that he would issue a disciplinary ticket for impeding the investigation if Ogurek continued to assert that he did not start the fight. (Doc. 27-2 at 19-20; *see* Doc. 27-1 at 2; Doc. 1 at 20). Indeed, Ogurek offers no evidence or explanation showing why Gabor would retaliate against him for a letter directed against another inmate that led to Gabor's opening this investigation of the letter's claim against that inmate, a standard task of Gabor's

job as an Internal Security Investigator.  (*See* Doc. 27-1 at 1).  Assuming for the sake

of argument that Gabor "got mad" about the letter (Pl. Br. at 2-3), this would not

demonstrate that he issued the disciplinary ticket in retaliation for that letter rather

than because Gabor believed that Ogurek continued to falsely insist that Osorio, not

he, started the fight for which he sought to charge Osorio.  (*See id*. at 2-3).  Ogurek's

mere speculation to the contrary "may not be used to manufacture a genuine issue of

fact" to rebut Gabor's evidence that his action was benign.  *Springer*, 518 F.3d at

484; *see Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013) (affirming summary

judgment where inmate provided no evidence of defendants' motive other than his

suspicions).

Even if Ogurek had presented sufficient evidence to support a *prima facie* case,

summary judgment should be affirmed for the additional reason that Ogurek failed to

present any evidence raising a reasonable inference that Gabor's proffered reason for

issuing the disciplinary ticket was a pretext for retaliation.  (*See* Doc. 29-1 at 9-11);

*Zellner*, 639 F.3d at 379 (summary judgment proper where no evidence rebutting

non-retaliatory reason for action).  Here, Gabor submitted evidence demonstrating

that he issued the ticket for a non-retaliatory reason, *i.e.*, Doc. 27-1; Doc. 27-2.

Because Department regulation reasonably prohibits inmates from impeding or

interfering with prison investigations, 20 Ill. Admin. Code § 504. App. A (Infraction

110), providing false information in response to such investigations constitutes a

legitimate basis for prison disciplinary action, *see Hasan*, 400 F.3d at 1005 (holding

that prison discipline for false statement in grievance was not unlawful retaliation).

Gabor attested that video of the December 27, 2011 altercation showed that Ogurek

had initiated the fight with Osorio, that he informed Ogurek of this, and that he

warned Ogurek that he would issue him the ticket if he continued to falsely state that

Osorio did.  (Doc. 27-1 at 2).  In turn, he issued the disciplinary ticket for the "sole"

reason that Ogurek impeded his investigation by then continuing to assert that

Osorio started the fight.  (*Id.* at 2-3).  Thus, Gabor proffered proof of a legitimate

non-retaliatory reason for the ticket, shifting the burden to Ogurek to present

evidence that this reason was a pretext for retaliation.  *See Zellner*, 639 F.3d at 379.

Ogurek argues that the video did not show that he started the fight.  (Pl. Br. at

1; Doc. 31 at 1; Doc. 30 at 1).  He cites to no record evidence in support, however, and

presented no such evidence to the district court.  To the contrary, he admitted that

he had never seen the video (Doc. 30 at 1; Doc. 27-2 at 20), and that Gabor had told

him that the video showed that he started the fight (Doc. 27-2 at 19-20).  If Ogurek

believed that Gabor had lied about the video, it was his burden to submit it in

opposing summary judgment.  *See Zellner*, 639 F.3d at 379.  But Ogurek's opening

brief does not address the district court's ruling denying his motion to compel the

video because Ogurek failed to properly serve any such discovery on Gabor or a third-

party consistent with the Court's explicit instructions in its scheduling order and the

local court rules.  (Doc. 38 at 1-2, 7-8; Doc. 21 at 2; Doc. 15 at 5); CDIL-Loc. R.

26.3(A).  Therefore, he has forfeited any challenge either to the discovery ruling or to

21

the court's summary judgment ruling regarding the video. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (appellant forfeits challenge to discovery ruling by failing to raise it in brief); *Hrobowski*, 358 F.3d at 478-79 (affirming summary judgment where appellant failed to cite supporting evidence). And because Ogurek did not rebut that Gabor issued the challenged disciplinary ticket for a non-retaliatory reason, summary judgment was proper. *See Hasan*, 400 F.3d at 1005 (summary judgment on inmate's retaliation claim proper where there was uncontradicted evidence that defendants disciplined him because they believed that inmate's grievance was a lie).

Ogurek also asserts that the Department's response to his FOIA request demonstrates that no video ever existed. (Pl. Br. at 1-2, 5). Ogurek, however, never submitted this letter in opposing summary judgment (Doc. 48 at 1-2), and so it cannot constitute a basis to reverse that ruling, *see McClendon v. Indiana Sugars Inc.*, 108 F.3d 789, 795 (7th Cir. 1997) ("Evidence that was not proffered to the district court . . . is not part of the appellate record" and "has no place in an appellate brief."). To the extent that Ogurek seeks to challenge the district court's denial of his motion for reconsideration presenting the letter, he never amended his notice of appeal to appeal that subsequent ruling. (*See* Doc. 42). Therefore, this Court has no appellate jurisdiction to review such a challenge. *See Miles*, 262 F.3d at 722-23 (finding no appellate jurisdiction over denial of motion for new trial issued after notice of appeal filed). Regardless, Ogurek does not address, let alone challenge, the

22

district court's holding that the Department's FOIA response letter was not "newly discovered evidence" that could constitute a basis for reconsideration under Civil Rule 59(e). (Doc. 48 at 2); *see Edgewood Manor Apartment Homes v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (holding that Rule 59(e) motion is "not a fresh opportunity to present evidence that could have been presented earlier"). Thus, this challenge too is forfeited. *See Anderson*, 281 F.3d at 675.

Even if Ogurek had amended his notice of appeal and challenged the district court's Rule 59 decision, the Department's FOIA response letter would not raise a permissible inference that Gabor's proffered reason for issuing the disciplinary ticket was a pretext. Ogurek claims that the Department's letter shows that the video never existed (Pl. Br. at 2, 5), but the letter states that Pontiac prison did not possess the specifically requested video (Doc. 41 at 3). At most, it shows only that the Department no longer maintained the video almost 3 years after the December 2011 altercation and related disciplinary proceedings. (*See id*.). It does not suggest either that the video never existed or that Gabor had not watched the video and concluded that Ogurek started the fight. Ogurek's conjecture otherwise does not raise a genuine issue of material fact. *See Springer*, 518 F.3d at 484-85.

Nor does the fact that the Director ultimately expunged the Adjustment Committee's discipline for the challenged disciplinary ticket raise a reasonable inference that Gabor's reason for issuing the ticket was a pretext. (Doc. 1 at 19). The Director did not find that Gabor had lied about the reason for the second

23

disciplinary ticket.  (*Id.*).  Indeed, the Director simultaneously affirmed the disciplinary action against Ogurek for fighting with Osorio (*id.*), despite Ogurek's claim that he had "never touch[ed]" Osorio (Pl. Br. at 1; *see* Doc. 27-1 at 2; Doc. 27-2 at 19).  Rather, the Director concluded that the second ticket was duplicative of the discipline imposed under the previous ticket, and otherwise found that Gabor committed technical violations and failed to sufficiently substantiate the charge (*e.g.*, that Ogurek in fact did not believe his claim that he did not start the fight).  (Doc. 1 at 19).  To demonstrate that the defendant's proffered reason constitutes pretext, the question is not whether the defendant erred or made a mistake in taking the challenged action; it is whether he lied and instead took that action to retaliate for the protected activity.  *See Kidwell*, 679 F.3d at 969 (explaining that pretext is "a dishonest explanation, a lie rather than an oddity or an error") (internal quotations omitted); *Scruggs v. Garst See Co.*, 587 F.3d 832, 838-39 (7th Cir. 2009) (explaining that "[p]retext includes more than just faulty reasoning or mistaken judgment . . . it is [a] lie, specifically a phony reason for some action") (internal quotations omitted). Here, the Director's decision to reverse the Adjustment Committee's decision on Gabor's disciplinary ticket shows, at most, his disagreement with whether Ogurek's ongoing denial that he had started the fight warranted additional punishment.  But it does not raise a reasonable inference that Gabor lied when he issued the ticket on the ground that he believed that the video contradicted Ogurek's representation that Osorio started the fight.

24

Otherwise, Ogurek cites to court decisions that affirmed awards against prison officials for various constitutional violations. (Pl. Br. at 3-4). None of these decisions, however, addressed claims for retaliation or violations of the First Amendment, or included analysis relevant to any issue in this appeal. *See Patterson v. Coughlin*, 905 F.2d 564 (2d Cir. 1990) (addressing procedural due process action); *Maxwell v. Mason*, 668 F.2d 361 (8th Cir 1981) (affirming judgment and award in Eighth Amendment conditions of confinement action); *Larkin v. Oswald*, 510 F.2d 583 (2d Cir. 1975) (affirming $1,000 jury award in procedural due process action). Therefore, Ogurek's cited authority provides no basis to reverse summary judgment in this case.

## IV. Alternatively, Summary Judgment Was Proper Because Gabor Is Protected By Qualified Immunity.

Even if this Court were to hold that Gabor was not entitled to summary judgment on the merits of Ogurek's claim, the district court's judgment still should be affirmed on the alternative ground of qualified immunity. Although Gabor raised qualified immunity in his summary judgment motion (Doc. 29-1 at 11-12), the district court had no occasion to reach the issue (*see* Doc. 38 at 6-8). This Court, however, may affirm on any basis supported by the record. *See Cygan*, 388 F.3d at 1098.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). In evaluating a defense of qualified immunity, the court generally

conducts a two-step inquiry: it asks, first, whether the alleged conduct violates a constitutional right; and second, whether that right was "clearly established" at the time of the alleged conduct. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Courts may choose to address only the second step. *Id*. at 231-41.

Whether a right is clearly established is analyzed "in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (citation omitted). The contours of the right "must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle*, 132 S. Ct. at 2093 (alternation in original, internal quotations omitted). While the legal authority need not be directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. (internal quotations omitted). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2085 (2011) (internal quotations omitted). Thus, it is insufficient simply to point to a recognized constitutional right. *Borrello v. Allison*, 446 F.3d 742, 750 (7th Cir. 2006). The plaintiff must show that a violation of that right has been found in factually similar cases, or that it was so clear that every official would realize the constitutional violation even in the absence of an on-point case. *Id*.

Here, Ogurek has not shown that in January 2012 inmates had a clearly established First Amendment right against a retaliatory discipline that was supported by the correctional officer's conclusion that the inmate provided false

information in a prison investigation.  *See Vukadinovich*, 278 F.3d at 700 (summary

judgment of retaliation claim proper if challenged action taken for legitimate,

non-retaliatory reason).  Rather, this Court had recognized that such speech is not

protected and constitutes a non-retaliatory basis for disciplinary action.  *See Hasan*,

400 F.3d at 1005 (prison discipline for false statement in grievance was not

retaliatory).  Nor does Ogurek identify any authority for the proposition that every

reasonable correctional officer would have known that the First Amendment required

him to credit an inmate's denials or claims in an investigation of rule violations over

his own conclusions based on watching video of the underlying incident.  *See*

*Riccardo v. Rausch*, 375 F.3d 521, 527 (7th Cir. 2004) ("The Constitution does not

oblige guards to believe whatever inmates say."); *Khuans v. Sch. Dist. 110*, 123 F.3d

1010, 1019-20 (7th Cir. 1997) (qualified immunity applies unless preexisting law

compels conclusion that like-situated government official is violating federal law

under circumstances).  Accordingly, as an alternative ground to affirm the judgment

below, Gabor is entitled to qualified immunity from Ogurek's retaliation claim.

In sum, this Court should summarily affirm the judgment or strike Ogurek's

opening brief because it substantively violates Federal Rule of Appellate Procedure

28.  And summary judgment was proper because Ogurek failed to raise a genuine

issue of material fact that Gabor issued the disciplinary ticket in retaliation for

Ogurek's letter to the warden, or that Gabor's proffered reason for issuing that ticket

was a pretext for retaliation.  And alternatively, summary judgment should be affirmed because Gabor is protected by qualified immunity.

## CONCLUSION

For the reasons stated above, Defendant-Appellee Jeffrey Gabor respectfully requests that this Court affirm the district court's judgment in his favor.

January 25, 2016

Respectfully submitted,

**LISA MADIGAN**
Attorney General
State of Illinois

**CAROLYN E. SHAPIRO**
Solicitor General

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

*Attorneys for Defendant-Appellee
Jeffrey Gabor.*

s/Christopher M.R. Turner
**CHRISTOPHER M. R. TURNER**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2175
cturner@atg.state.il.us

28

# SUPPLEMENTAL APPENDIX

# TABLE OF CONTENTS

**RECORD DOCUMENTS**                                                    **Page(s)**

Order (granting Defendant's motion for summary judgment). . . . . . . . . . . . . . . . SA1-9
(Jan. 7, 2015, Doc. 38)

Judgment In A Civil Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . SA10
(Jan. 8, 2015, Doc. 39)

Notice of Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . SA11-12
(Jan. 26, 2015, Doc. 42)

Order (denying Plaintiff's motion for reconsideration). . . . . . . . . . . . . . . . . . SA13-15
(Feb. 18, 2015, Doc. 48)

Civil Docket, Case No. 1:13-cv-01423-JES-TSH (C.D. Ill.). . . . . . . . . . . . . . . . SA16-23

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENNETH OGUREK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 13-1423-JES-TSH** |
| | ) | |
| | ) | |
| **JEFFREY GABOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court on Defendant Jeffrey Gabor's motion for summary judgment. As explained more fully below, Gabor is entitled to summary judgment because there are no genuine issues of material fact that must be determined by a trier of fact and because Gabor has shown that he is entitled to judgment as a matter of law on Plaintiff Kenneth Ogurek's claim against him.

## I.
## PENDING MOTIONS

Before turning to Gabor's motion for summary judgment, the Court must resolve the other pending motions filed by the Parties. *First*, Gabor's motion to amend is granted, and the Court will rely upon his properly numbered memorandum of law in considering his motion for summary judgment.

*Second*, Ogurek has filed several motions seeking discovery material and documents [21, 22, & 25]. Discovery requests are not to be filed with the Court. Local Rule 26.3. To the extent that he intended these motions to be motions to compel, Ogurek has failed to demonstrate that he first made a proper discovery request to Gabor. Accordingly, these motions are denied.

1

*Third*, Ogurek has filed a motion asking the Court to hold a hearing and to allow him to present witnesses on Gabor's motion for summary judgment [24]. The Court does not generally hold hearings on motions for summary judgment, and it certainly does not take additional evidence on a motion for summary judgment. Local Rule 7.1. Accordingly, Ogurek's motion is denied.

*Fourth*, Ogurek has filed a motion that, essentially, asks the Court for permission to amend his request for relief that he made in his Complaint [23]. Ogurek has also filed two motions asking that certain witnesses be compelled to attend the trial on his behalf [32 & 33]. As explained below, the Court is granting Gabor's motion for summary judgment, and therefore, there will be no trial in this case. Accordingly, these motions are denied as moot.

*Fifth*, Ogurek has filed a motion asking the Court to compel the disclosure of the video footage of the fight that occurred that forms the basis for this lawsuit. However, Ogurek never served Gabor with any discovery request seeking disclosure of the video footage, and discovery has long since closed. Accordingly, Ogurek's motion is denied.

## II.
## MATERIAL FACTS

During the relevant time, Plaintiff Kenneth Ogurek was an Illinois Department of Corrections ("IDOC") inmate who was housed at the Pontiac Correctional Center ("Pontiac"). Defendant Jeffrey Gabor was employed by IDOC as an Internal Security Investigator II at Pontiac. In this position, one of Gabor's duties was to investigate all allegations of assault that occurred at Pontiac.

On December 27, 2011, Pontiac Correctional Officer Richard King observed Ogurek and another inmate, Trino Osorio, involved in a fight. As a result of this incident, both Ogurek and Osorio received disciplinary tickets for fighting.

On January 8, 2012, Ogurek wrote a letter to the Warden at Pontiac in which he stated that he wanted to press charges "against the guy who beat me up and the guy who stole my property."   The next day, the Warden's office forwarded Ogurek's letter to Gabor for investigation.

As part of his investigation, Gabor reviewed the video footage of the fight between Ogurek and Osorio.  According to Gabor, the video footage revealed that Ogurek initiated the physical contact against Osorio.  Thereafter, Gabor spoke with Ogurek about the incident, and Gabor asked Ogurek why he had written the letter to the Warden.  Ogurek reiterated that he wanted to press charges against Osorio.

However, Gabor told Ogurek that the video footage showed that he—not Osorio—was the initiator of the fight.  Ogurek denied starting the fight.  Accordingly, Gabor advised Ogurek that, if he continued to make false statements about the fight, he would issue Ogurek another ticket for impeding an investigation.  Ogurek refused to recant, and so, Gabor issued a disciplinary ticket to Ogurek for impeding an investigation.

On September 22, 2013, Ogurek filed this case under 42 U.S.C. § 1983 against Gabor for violating his First Amendment rights.  After conducting a merit review required by 28 U.S.C. § 1915A, the Court determined that Ogurek's Complaint stated a claim against Gabor for violating his First Amendment rights by issuing him a disciplinary ticket for writing a letter to the Warden.  Gabor has now filed a motion for summary judgment ton Ogurek's claim against him.

### III.
### LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

SA3   197

and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995).  The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997).  "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999).  Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 250.

## IV.
## DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT

The United States Supreme Court has explained that "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

Similarly, the United States Court of Appeals for the Seventh Circuit has opined: "[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates.  Like students who do not shed their free speech rights at the schoolhouse gates, neither do prison walls form a barrier separating prison inmates from the protections of the Constitution." *Bridges v. Gilbert*, 557 F.3d 541, 547-48 (7th Cir. 2009)(internal quotations and citations omitted).

In order "[t]o prevail on a First Amendment retaliation claim, [a plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Id*. at 546 (internal quotations omitted); *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012)(same); *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).  If the plaintiff is able to satisfy this *prima facie* case, the burden shifts to the defendant "to rebut with evidence that the [defendant's animus] though a sufficient condition was not a necessary condition of the conduct, *i.e.*, it would have happened anyway." *Green v. Doruff*, 660 F.3d 975, 980 (7th Cir. 2011).  If the defendant can make such a showing, the plaintiff "must then demonstrate that the defendant's proffered reasons for the decision were pretextual and that the retaliatory animus was the real reason for the decision." *Zellner v. Herrick*, 639 F.3d 371, 378-79 (7th Cir. 2011).

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).  "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir 2000).  "A 'motivating factor' in this context 'is a factor that weighs in [on] the defendant's decision to take the action complained of-in other words, it is a consideration present to his mind that favors, that pushes him toward action." *Dace*

*v. Smith-Vasquez*, 658 F. Supp. 2d 865, 881 (S.D. Ill. 2009)(quoting *Hasan v. United States Dept. of Labor*, 400 F.3d 1001, 1006 (7th Cir. 2005)).  A plaintiff may demonstrate that his speech was a motivating factor behind the defendant's retaliatory actions by presenting direct or circumstantial evidence. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012).

"Direct evidence is evidence which, if believed by the trier of fact, will prove the particular fact in question without reliance upon inference or presumption." *Rudin v. Lincoln Land Cmty. College*, 420 F.3d 712, 720 (7th Cir. 2005)(internal quotation omitted).  Direct evidence is rare and is something along the lines of a direct admission. *Naficy v. Illinois Dept. of Human Servs.*, 697 F.3d 504, 512 (7th Cir. 2012); *Benders v. Bellows & Bellows*, 515 F.3d 757, 764 (7th Cir. 2008).

On the other hand, "[c]ircumstantial evidence . . . is evidence from which a trier of fact may infer that retaliation occurred." *Kidwell*, 679 F.3d at 966.  "Circumstantial evidence may include suspicious timing, ambiguous oral or written statements, or behavior towards or comments directed at other[s] . . . ." *Long v. Teachers' Retirement Sys. of Illinois*, 585 F.3d 344, 350 (7th Cir. 2009).  Regardless of whether the plaintiff offers direct or circumstantial evidence, "[t]o demonstrate the requisite causal connection in a retaliation claim, [a] plaintiff[] must show that the protected activity and the adverse action are not wholly unrelated." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000).  "If he can show that retaliatory animus was a factor, then the burden shifts to the defendants to prove that the same actions would have occurred in the absence of the protected conduct." *Soto v. Bertrand*, 2009 WL 1220753, * 1 (7th Cir. 2009).

Here, Ogurek has failed to offer any direct of circumstantial evidence that Gabor issued him a disciplinary ticket in retaliation because or that Ogurek's writing a letter to the Warden

was a motivating factor in Gabor issuing him a disciplinary ticket.  In fact, Ogurek has offered

no evidence whatsoever in response to Gabor's motion for summary judgment.[1]  Ogurek may

believe that Gabor retaliated against him because he wrote a letter to the Warden, but his

subjective belief does not constitute evidence of retaliation. *Springer v. Durflinger*, 518 F.3d

479, 484 (7th Cir. 2008)("As we have said before, summary judgment is the put up or shut up

moment in a lawsuit, when a party must show what evidence it has that would convince a trier of

fact to accept its version of the events.").  Ogurek must present some evidence with which to

demonstrate a genuine issue of material fact that unlawful retaliation was a motivating factor in

Gabor's actions, and the actions themselves do not constitute evidence that will prove that

Ogurek's retaliation claim "without reliance upon inference or presumption." *Rudin*, 420 F.3d at

720 ("plaintiffs must produce evidence that somehow ties the adverse [action] to the plaintiff's

protected actions.  The fact that one event preceded another does nothing to prove the first event

caused the second.")(internal citation omitted).

In his response, Ogurek asks the Court to watch the video footage of the fight in order to

see for itself that he did not initiate the fight with Osorio.  Initially, the Court notes that the video

footage has not been made a part of the summary judgment record.  As discussed above, Ogurek

never asked for a copy of the footage from Gabor during the discovery phase of this case.

Regardless, whether Ogurek started the fight or not has little relevance to whether Gabor

issued him a disciplinary ticket, at least in part, because Ogurek had written to the Warden.

Indeed, during his deposition, Ogurek admitted that Gabor issued the disciplinary ticket to him

---

1  Because Ogurek is acting pro se, the Court has reviewed his deposition transcript in full in order to determine whether offered any testimony with which to create a genuine issue of material fact sufficient to preclude summary judgment, and the Court found no such testimony.

due to Gabor's perceived inconsistency between his viewing of the video footage and Ogurek's statements that he did not initiate the fight.

In other words, Gabor issued the disciplinary ticket—rightly or wrongly—because he believed that Ogurek was lying about the incident and, thereby, interfering with his investigation. Ogurek has offered no evidence with which to create a genuine issue of material fact that his writing to the Warden was a motivating factor in Gabor's decision to issue him a disciplinary ticket. Accordingly, Gabor is entitled to the summary judgment that he seeks.

**IT IS, THEREFORE, ORDERED:**

**1.      Defendant's motion to amend [29] is GRANTED.**

**2.      Plaintiff's motions [21, 22, 23, 24, 25, 32, 33, & 34] are DENIED.**

**3.      Defendant's Motion for Summary Judgment [26] is GRANTED.  The Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff.  This case is terminated with the Parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.**

**4.      If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**5.      If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith.  *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");  *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a**

reasonable person could suppose . . . has some merit" from a legal perspective).  If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.


Entered this __7th__ day of January, 2015.


_____s/ James E. Shadid_____
JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | | |
|---|---|---|
| Kenneth Ogurek | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case Number: 13-CV-1423 |
| | ) | |
| C/O Gabor #455 | ) | |
| *Internal Affairs Investigator at Pontiac C.C.* | ) | |
| *Pontiac, IL in his official as well as individual* | ) | |
| *capacity* | ) | |
| | ) | |
| Defendant | ) | |

FILED
JAN 0 8 2015
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## JUDGMENT IN A CIVIL CASE

**DECISION BY THE COURT.**   This action came to trial or hearing before the Court. The issues have been heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment [26] is GRANTED. The Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff. This case is terminated with the Parties to bear their own costs.

**Dated:** 1-8-15

s/ Kenneth A. Wells
Kenneth A. Wells
Clerk, U.S. District Court

Kenneth Ogurek
Plaintiff      N44063

GINO J. AGNELLO
CLERK

Case Number:
13-1423

FILED

JAN 2 6 2015

CLERK OF CCUNT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

US.

J. Gabor #455

I am asking the appeal court for extra time to file law suit.

1. Being at Stateville Correctional center then are slow here to get all my paper work I need to file my appeal.

2. It takes about 30 days trust to get what I need from the trust fund office.

3. I'm asking for 30 days extra I have to Feb. 7, 2015 to file my appeal before the 30 days extra I'm asking for.

I am asking this Honorable Judge to grant me extra time to file my appeal I'm asking for March 7, 2015 to file my appeal.

Kenneth Ogurek
N44063
Stateville corr. center
P.O. Box 112
Joliet Il. 60434

To U.S. Court of Appeal

My name is Kenneth Ogurek N44063
I'm at Stateville corr. center
can you Please Send me a appeal
Form So I could file my Law
Suit with the court.

Thanks.

can you also
let me no if
this the right            Kenneth Ogurek
Court I Send                     N44063
my appeal to          Stateville corr. center
my Law Suit           P.O. Box 112
is From peoria        Joliet IL 60434
IL.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KENNETH OGUREK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No.: 13-1423-JES-TSH** |
| | ) |
| | ) |
| **JEFFREY GABOR,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>ORDER</u>**

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court on Plaintiff Kenneth Ogurek's motion to reconsider and on his motion for leave to appeal in forma pauperis. For the reasons given below, both motions are denied.

Federal Rule of Civil Procedure 59 gives a district court the opportunity to correct an error prior to burdening the appellate court. *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). In making a Rule 59 motion, a moving party may not simply rely upon previously made and previously rejected arguments. *Vesely v. Armslist LLC*, 2014 WL 3907114, * 3 (7th Cir. Aug. 12, 2014)("we have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments). Instead, in order "[t]o prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013)(internal quotation omitted).

1

Here, Ogurek has not attempted to demonstrate that the Court committed a manifest error of law or fact. *Otto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 605 (7th Cir. 2000)("a 'manifest error' is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent.")(internal quotation omitted).  Rather, Ogurek offers "new evidence" to show that the Court's summary judgment order that it entered against him was entered in error.  Specifically, Ogurek has offered a response letter to his Freedom of Information Act Request from the Freedom of Information Officer stating that there is no video tape of the incident in question that is under the Pontiac Correctional Center's control.

However, the Freedom of Information Officer's letter does not constitute newly discovered evidence for purposes of Rule 59.  A "party moving for a new trial under Rule 59 on the basis of newly discovered evidence must show '1) it has evidence that was discovered post-trial; 2) it had exercised due diligence to discover the new evidence; 3) the evidence is not merely cumulative or impeaching; 4) the evidence is material; and 5) the evidence is such that a new trial would probably produce a new result.'" *Johnson v. Randle*, 2013 WL 5647142, * 6 (S.D. Ill. Oct. 15, 2013)(quoting *Environmental Barrier Co., LLC v. Slurry Sys.,* 540 F.3d 598, 608 (7th Cir. 2006).  Ogurek has not shown that he could not have obtained this evidence during the discovery period in this case, nor has he demonstrated that this letter would have produced a new result.  Accordingly, Ogurek's motion to reconsider is denied.

Likewise, Ogurek's motion for leave to appeal in forma pauperis is denied.  Title 28 U.S.C. § 1915(a)(3) provides that "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id*.  An appeal taken in "good faith" is not

about the movant's sincerity or motivation.  A good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Here, the Court does not see an arguable good faith basis for appeal.  Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that Ogurek's petition to appeal in forma pauperis is not in good faith, and the motion is denied.  If Ogurek wishes to contest this Court's finding, he must renew his petition to proceed in forma pauperis with the Court of Appeals within 30 days after service of this order. Fed. R. App. P. 24(a).

**IT IS, THEREFORE, ORDERED:**

1.     **Plaintiff's motion to reconsider [41] is DENIED.**

2.     **Plaintiff's motion for leave to proceed in forma pauperis on appeal [47] is DENIED.  The Clerk of the Court is directed to send a copy of this order to the Seventh Circuit Court of Appeals.**

Entered this _18th_ _ day of February, 2015.


_____s/ James E. Shadid_____
JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE

56,APPEAL,CLOSED,PRISONER,PROSE

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
## CIVIL DOCKET FOR CASE #: 1:13−cv−01423−JES−TSH

Ogurek v. Gabor #455

Assigned to: Chief Judge James E. Shadid

Referred to: Magistrate Judge Tom Schanzle−Haskins

Case in other court: CA07, 15−01151

Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/11/2013

Date Terminated: 01/07/2015

Jury Demand: Both

Nature of Suit: 550 Prisoner: Civil Rights

Jurisdiction: Federal Question

**Plaintiff**

**Kenneth Ogurek**                          represented by  **Kenneth Ogurek**
                                                            N44063
                                                            STATEVILLE
                                                            Stateville Correctional Center
                                                            Inmate Mail/Parcels
                                                            PO Box 112
                                                            Joliet, IL 60434
                                                            815−727−3607
                                                            PRO SE

V.

**Defendant**

**C/O Gabor #455**                          represented by  **Terry Lu**
*Internal Affairs Investigator at Pontiac*                  OFFICE OF THE ILLINOIS
*C.C. Pontiac, IL in his official as well as*               ATTORNEY GENERAL STATE OF
*individual capacity*                                       ILLINOIS
                                                            500 South Second Street
                                                            Springfield, IL 62706
                                                            217−557−7081
                                                            Fax: 217−782−8767
                                                            Email: tlu@atg.state.il.us
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/11/2013 | 1 | 9 | COMPLAINT against C/O Gabor #455, filed by Kenneth Ogurek.(JS, ilcd) (Entered: 09/11/2013) |
| 09/11/2013 |  | 32 | ORDER entered by Chief Judge James E. Shadid on 09/11/2013. Plaintiff has filed a Complaint but has not paid the $400 filing fee nor filed a petition to proceed in forma pauperis. Within 21 days of the entry of this order, Plaintiff must pay the $400 filing fee in full or file a petition to proceed in forma pauperis. Failure to comply without good cause will result in dismissal of this case without prejudice, and the Plaintiff will still be responsible for payment of the filing fee. See 28 U.S.C. Sec. 1914. The Clerk is directed to |

| | | | |
|---|---|---|---|
| | | | send Plaintiff the forms for proceeding in forma pauperis. If a petition to proceed in forma pauperis is filed and granted, the filing fee will be reduced to $350 and deducted in installments pursuant to 28 U.S.C. Sec. 1915(b).(JS, ilcd) (Entered: 09/11/2013) |
| 09/11/2013 | 2 | | +++ PRISONER TRUST FUND LEDGER. by Kenneth Ogurek (JS, ilcd) (Entered: 09/11/2013) |
| 09/11/2013 | 3 | 33 | MOTION for Appointment of Counsel by Plaintiff Kenneth Ogurek. Responses due by 9/30/2013 (JS, ilcd) (Entered: 09/11/2013) |
| 09/11/2013 | 4 | 34 | Trust Fund Letter to Stateville Correctional Center from Clerk of the Court. (JS, ilcd) (Entered: 09/11/2013) |
| 09/12/2013 | | 35 | MERIT REVIEW SCHEDULING ORDER: This case is set for a merit review hearing. The court is required by 28 U.S.C. Section 1915A to review the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The plaintiff must be prepared to identify each of his claims against each of the defendants during the hearing. The hearing may be cancelled if the Court determines the hearing is unnecessary. Therefore, no writ shall be issued to secure Plaintiff's presence at the hearing until further order of this Court. The merit review hearing is set before Chief Judge James E. Shadid on 10/31/2013 at 09:00 AM, or as soon as the Court reaches the case, by telephone from Peoria (court will place call). Entered by Chief Judge James E. Shadid on 09/12/2013. (JS, ilcd) (Entered: 09/12/2013) |
| 10/10/2013 | | 37 | TEXT ORDER entered by Chief Judge James E. Shadid on 10/10/2013. Plaintiff's motion for the appointment of counsel 3 is DENIED as premature. The Court cannot consider the merits of the motion until Plaintiff shows that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654−55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel. Plaintiff's motion is also premature because this case has not yet survived merit review which will determine whether Plaintiff states any federal claims. Plaintiff may renew his motion for counsel, but if he chooses to do so, he should attach the responses that he has received from the lawyers that he has contacted in which those lawyers decline his request to represent him. In addition, Plaintiff should set forth his educational level, work experience inside and outside of the facility, his litigation experience (if any), and any other facts relevant to whether he is competent to proceed without an attorney. (JS, ilcd) (Entered: 10/10/2013) |
| 10/10/2013 | 5 | 39 | PETITION TO PROCEED IN FORMA PAUPERIS, filed by Kenneth Ogurek.(JS, ilcd) (Entered: 10/10/2013) |
| 10/10/2013 | 6 | | Letter from Kenneth Ogurek. (copy of IFP and docket sheet mailed to plf) (JS, ilcd) (Entered: 10/10/2013) |
| 10/10/2013 | 7 | 41 | MERIT REVIEW ORDER entered by Chief Judge James E. Shadid on 10/10/2013. IT IS, THEREFORE, ORDERED that: The merit review scheduled for October 31, 2013, at 9:00 a.m. is cancelled. The Clerk is directed to notify Plaintiff's prison of the cancellation. Count II of Plaintiff's |

| | | | |
|---|---|---|---|
| | | | Complaint alleging a violation of his Eighth Amendment right is dismissed. IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1)ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARDPROCEDURES; AND, 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES. LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).(JS, ilcd) (Entered: 10/10/2013) |
| 10/10/2013 | 8 | | REQUEST FOR WAIVER OF SERVICE and Notice of Lawsuit sent to C/O Gabor #455 on 10/10/2013. (JS, ilcd) (Entered: 10/10/2013) |
| 10/10/2013 | | | Set/Reset Deadlines: Miscellaneous Deadline 11/10/2013 Other Deadline set for 12/10/2013. (JS, ilcd) (Entered: 10/10/2013) |
| 10/15/2013 | 9 | | +++ **PRISONER TRUST FUND LEDGER.** **(JS, ilcd) (Entered: 10/15/2013)** |
| 10/15/2013 | | 50 | TEXT ORDER granting 5 Petition to Proceed In Forma Pauperis. Pursuant to 28 U.S.C. Section 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.61. The agency having custody of Plaintiff is directed to forward the initial partial filing fee from Plaintiff`s account to the Clerk of Court. After payment of the initial partial filing fee (or immediately if no funds are available for that payment) the agency having custody of Plaintiff is directed to make monthly payments of 20 percent of the preceding month`s income credited to Plaintiff`s account to the Clerk of Court. The agency having custody of the plaintiff shall forward these payments each time Plaintiff`s account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to Plaintiff`s place of confinement, to the attention of the Trust Fund Office.. Entered by Chief Judge James E. Shadid on 10/15/2013. (JS, ilcd) Modified on 10/16/2013 to reflect text order. (JS, ilcd). (Entered: 10/16/2013) |
| 10/17/2013 | 10 | | WAIVER OF SERVICE Returned Executed by Kenneth Ogurek. C/O Gabor #455 waiver sent on 10/10/2013, answer due 12/9/2013. (RK, ilcd) (Entered: 10/17/2013) |
| 12/09/2013 | 11 | 51 | ANSWER to 1 Complaint AND AFFIRMATIVE DEFENSES by C/O Gabor #455.(Lu, Terry) (Entered: 12/09/2013) |
| 01/09/2014 | 12 | 55 | MOTION for Miscellaneous Relief filed in letter form by Plaintiff Kenneth Ogurek. Responses due by 1/27/2014 (JS, ilcd) (Entered: 01/09/2014) |
| 01/16/2014 | 13 | 56 | MOTION for Miscellaneous Relief by Plaintiff Kenneth Ogurek. Responses due by 2/3/2014 (JS, ilcd) (Entered: 01/16/2014) |
| 01/27/2014 | 14 | 58 | MOTION for Miscellaneous Relief by Plaintiff Kenneth Ogurek. Responses due by 2/13/2014 (JS, ilcd) (Entered: 01/27/2014) |

| 02/10/2014 | | | Prisoner Partial Filing Fee received 2/10/2014, in the amount of $ 2.61; receipt number 24626004401 (KMR, ilcd) (Entered: 02/10/2014) |
|---|---|---|---|
| 02/11/2014 | | | TEXT ORDER: Pursuant to instructions from Chief Judge James E. Shadid, the assignment of this case to Magistrate Judge Byron G. Cudmore is withdrawn due to his resignation. The district judge assigned to this case will handle all matters until a new magistrate judge is appointed. Entered by Chief Judge James E. Shadid on 2/11/2014. (MC, ilcd) (Entered: 02/11/2014) |
| 02/26/2014 | 15 | 60 | PRISONER SCHEDULING ORDER entered by Chief Judge James E. Shadid on 02/26/2014.IT IS ORDERED: The parties are reminded of their option to consent to proceed before a U.S. Magistrate Judge. (See attached consent form). The Court recommends serious consideration of this option. IT IS FURTHER ORDERED: 1) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; 2) Discovery closes August 29, 2014; and 3) Dispositive Motions are due September 29, 2014. See Full Written Order. (Attachments: # 1 Consent to Magistrate Forms)(JS, ilcd) (Entered: 02/27/2014) |
| 02/26/2014 | 16 | 71 | HIPAA QUALIFIED PROTECTIVE ORDER. Entered by Chief Judge James E. Shadid on 02/26/2014. (JS, ilcd) (Entered: 02/27/2014) |
| 02/26/2014 | | 73 | TEXT ORDER entered by Chief Judge James E. Shadid on 02/26/2014. Plaintiff's motion seeking miscellaneous relief 12 is GRANTED. In his motion, Plaintiff states that he never received a copy of Defendant's Answer and Affirmative Defenses that Defendant filed on December 9, 2013. Accordingly, the Clerk of the Court is directed to send Plaintiff a copy of Defendant's Answer and Affirmative Defenses 11 . (cc:copy of 11 mailed to plf)(JS, ilcd) (Entered: 02/27/2014) |
| 02/26/2014 | | 74 | TEXT ORDER entered by Chief Judge James E. Shadid on 02/26/2014. Plaintiff's motions for miscellaneous relief 13 & 14 are DENIED. Essentially, Plaintiff seeks to amend his complaint via these motions. However, the Court does not allow piecemeal amendments to a complaint, nor does it allow joinder of unrelated claims to be brought in one suit. Plaintiff's motions do both, and therefore, they are denied.(JS, ilcd) (Entered: 02/27/2014) |
| 03/05/2014 | 17 | 75 | MOTION for Status (filed in letter form) by Plaintiff Kenneth Ogurek. Responses due by 3/24/2014 (JS, ilcd) (Entered: 03/05/2014) |
| 03/13/2014 | 18 | 77 | MOTION to Request Counsel by Plaintiff Kenneth Ogurek. Responses due by 3/31/2014 (JS, ilcd) (Entered: 03/13/2014) |
| 03/19/2014 | | 84 | TEXT ORDER entered by Chief Judge James E. Shadid on 03/19/2014. Plaintiff's motion for appointment of counsel 18 is DENIED. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the casefactually and legallyexceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.... The question |

is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." Pruitt, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. Navejar v. Iyioloa, 718 F.3d 692, 696 (7th Cir. 2013). Ogurek appears to be literate; he has filed cogent pleadings with the Court; and his claim has survived a merit review. Ogurek's claim is not so novel or complex that he cannot litigate it himself. Ogurek has personal knowledge of the facts supporting his claim and appears cable of cross−examining Defendant regarding his version of the events. Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). The test for appointment of counsel is not whether a lawyer could more effectively handle the case. Pruitt, 503 F.3d at 655. The test is whether the litigant is competent to litigate his own claims. Id. Ogurek appears competent to litigate this case himself at this point, and therefore, the Court denies his motion for appointment of counsel.(JS, ilcd) (Entered: 03/19/2014)

| | | | |
|---|---|---|---|
| 03/19/2014 | | 86 | TEXT ORDER entered by Chief Judge James E. Shadid on 03/19/2014. Plaintiff has written a letter to the Court that has been docketed as a motion for status. Therein, Plaintiff seeks answers from the Court to certain questions presented to it by Plaintiff. However, the Court does not and cannot provide legal advice to litigants who appear before it. Accordingly, Plaintiff's motion for status 17 is DENIED.(JS, ilcd) (Entered: 03/19/2014) |
| 03/25/2014 | | | TEXT ORDER: Pursuant to instructions from Chief Judge James E. Shadid, this case is now referred to Magistrate Judge Tom Schanzle−Haskins due to his appointment as U.S. Magistrate Judge for the Central District of Illinois. Entered by Chief Judge James E. Shadid on 3/25/14. (DK, ilcd) (Entered: 03/25/2014) |
| 05/23/2014 | 19 | 87 | MOTION for Status (filed in letter form) by Plaintiff Kenneth Ogurek. Responses due by 6/9/2014 (JS, ilcd) (Entered: 05/23/2014) |
| 06/30/2014 | | 88 | TEXT ORDER Entered by Chief Judge James E. Shadid on 6/30/14. Plaintiff has filed a motion purportedly seeking a status update on his case. In reality however, Plaintiff seeks legal advice from the Court. As the Court has previously explained to Plaintiff, the Court does not and cannot provide legal advice to litigants who appear before it. Accordingly, Plaintiff's motion for status 19 is DENIED. The Court directs Plaintiff's attention to the February 26, 2014 Scheduling Order as to the progression of this case. (SW, ilcd) (Entered: 06/30/2014) |
| 07/17/2014 | 20 | 89 | MOTION to Request Counsel filed as "I am Asking the Court to Appoint a Go Between Lawyer" by Plaintiff Kenneth Ogurek. Responses due by 8/4/2014 (TK, ilcd) (Entered: 07/17/2014) |
| 08/07/2014 | | 91 | TEXT ORDER entered by Chief Judge James E. Shadid on 08/07/2014. Plaintiff's motion for the appointment of counsel 20 is DENIED. As the Court has previously explained to Plaintiff, the Court cannot consider the merits of his motion for counsel until Plaintiff shows that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654−55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several |

| | | | different law firms and attaching the responses to the motion for appointment of counsel. Plaintiff has failed to demonstrate that he has attempted to obtain counsel on his own, and therefore, his motion is denied. Id.(JS, ilcd) (Entered: 08/07/2014) |
|---|---|---|---|
| 08/08/2014 | 21 | 93 | MOTION for Discovery by Plaintiff Kenneth Ogurek. Responses due by 8/25/2014 (RK, ilcd) (Entered: 08/08/2014) |
| 08/15/2014 | 22 | 95 | MOTION to Amend 21 MOTION for Discovery by Plaintiff Kenneth Ogurek. Responses due by 9/2/2014 (JS, ilcd) (Entered: 08/15/2014) |
| 08/18/2014 | 23 | 97 | MOTION filed as Micellaneous Relief by Plaintitf Kenneth Ogurek N44063 by Plaintiff Kenneth Ogurek. Responses due by 9/5/2014 (JS, ilcd) (Entered: 08/18/2014) |
| 09/05/2014 | 24 | 99 | Dispositive MOTION of Request To Ask At Trial and Why List Below filed by Plaintiff Kenneth Ogurek. Responses due by 9/22/2014 (VP, ilcd) Modified on 9/5/2014 (JS, ilcd). (Entered: 09/05/2014) |
| 09/11/2014 | 25 | 101 | MOTION To Add To My Discovery and Amend That Is Already Put In To The Court by Plaintiff Kenneth Ogurek. Responses due by 9/29/2014 (JS, ilcd) (Entered: 09/11/2014) |
| 09/29/2014 | 26 | 103 | MOTION for Summary Judgment by Defendant C/O Gabor #455. Responses due by 10/23/2014 (Lu, Terry) (Entered: 09/29/2014) |
| 09/29/2014 | 27 | 106 | MEMORANDUM in Support re 26 MOTION for Summary Judgment filed by Defendant C/O Gabor #455. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Lu, Terry) (Entered: 09/29/2014) |
| 09/30/2014 | 28 | 159 | RULE 56 LETTER to Plaintiff re 26 MOTION for Summary Judgment . (JS, ilcd) (Entered: 09/30/2014) |
| 09/30/2014 | 29 | 162 | MOTION to Amend/Correct 27 Memorandum in Support of Motion by Defendant C/O Gabor #455. Responses due by 10/17/2014 (Attachments: # 1 proposed Amended Memorandum of Law in Support of Defendant Gabor's Motion for Summary Judgment)(Lu, Terry) (Entered: 09/30/2014) |
| 10/10/2014 | 30 | 178 | Plaintiff RESPONSE to Motion re 29 MOTION to Amend/Correct 27 Memorandum in Support of Motion filed by Plaintiff Kenneth Ogurek. (JS, ilcd) (Entered: 10/10/2014) |
| 10/10/2014 | 31 | 180 | MEMORANDUM of Law in Support of Plaintiff Motion for Summary Judgment by Kenneth Ogurek. (JS, ilcd) (Entered: 10/10/2014) |
| 10/10/2014 | 32 | 183 | MOTION for Writ by Plaintiff Kenneth Ogurek. Responses due by 10/27/2014 (JS, ilcd) (Entered: 10/10/2014) |
| 10/14/2014 | 33 | 184 | MOTION to Subpoena Plaintiff Witnesses for Jury Trial by Plaintiff Kenneth Ogurek. Responses due by 10/31/2014 (JS, ilcd) (Entered: 10/15/2014) |
| 10/27/2014 | 34 | 186 | MOTION to Compel by Plaintiff Kenneth Ogurek. Responses due by 11/13/2014 (JS, ilcd) (Entered: 10/27/2014) |
| 11/07/2014 | 35 | 188 | RESPONSE to Motion re 34 MOTION to Compel filed by Defendant C/O Gabor #455. (Lu, Terry) (Entered: 11/07/2014) |

| 11/18/2014 | 36 | 192 | REPLY to Response to Motion re 34 MOTION to Compel filed by Plaintiff Kenneth Ogurek. (JS, ilcd) (Entered: 11/18/2014) |
|---|---|---|---|
| 12/01/2014 | 37 | 194 | MEMORANDUM of Law in Support of Plaintiff Motion to Amend by Kenneth Ogurek. (SW, ilcd) (Entered: 12/01/2014) |
| 01/07/2015 | 38 | 195 | ORDER entered by Chief Judge James E. Shadid on 01/07/2015. IT IS, THEREFORE, ORDERED: 1. Defendant's motion to amend 29 is GRANTED. 2. Plaintiff's motions 21 , 22 , 23 , 24 , 25 , 32 , 33 , & 34 are DENIED. 3. Defendant's Motion for Summary Judgment 26 is GRANTED. The Clerk of the Court is directed to enter judgment in Defendants favor and against Plaintiff. This case is terminated with the Parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated. 4. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). 5. If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose... has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal. See full written Order.(JS, ilcd) (Entered: 01/07/2015) |
| 01/08/2015 | 39 | 204 | JUDGMENT IN A CIVIL CASE. (JS, ilcd) (Entered: 01/08/2015) |
| 01/12/2015 | 40 | 205 | MOTION to Ask About the Motions I Put Into the Court by Plaintiff Kenneth Ogurek. Responses due by 1/29/2015 (JS, ilcd) (Entered: 01/12/2015) |
| 01/15/2015 | | 207 | TEXT ORDER entered by Chief Judge James E. Shadid on 01/15/2015. Plaintiff's motion for status 40 is DENIED as moot. All pending motions have been resolved by the Court's January 7, 2015 Order. (JS, ilcd) (Entered: 01/15/2015) |
| 01/26/2015 | 41 | 208 | MOTION for Reconsideration of 38 Order Granting Motion for Summary Judgment by Plaintiff Kenneth Ogurek. Responses due by 2/12/2015 (SW, ilcd) (Entered: 01/26/2015) |
| 01/26/2015 | 42 | 211 | NOTICE OF APPEAL as to 38 Order Granting Motion for Summary Judgment, filed as, "Asking the Appeal Court for Extra Time to File Law Suit" by Kenneth Ogurek. (SW, ilcd) (Entered: 01/26/2015) |
| 01/26/2015 | 43 | | Short Record of Appeal Sent to US Court of Appeals re 42 Notice of Appeal (SW, ilcd) (Entered: 01/26/2015) |
| 01/27/2015 | 44 | | NOTICE of Docketing Record on Appeal from USCA re 42 Notice of Appeal filed by Kenneth Ogurek. USCA Case Number 15−1151 (JRK, ilcd) (Entered: 01/27/2015) |
| 01/27/2015 | 45 | | USCA PLRA FEE NOTICE AND ORDER as to 42 Notice of Appeal filed by Kenneth Ogurek. IT IS ORDERED that all other proceedings in this appeal |

| | | | |
|---|---|---|---|
| | | | are SUSPENDED pending the assessment and payment of any necessary fees. See Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997). The court will take no further action in this appeal until the fee status is resolved. (JRK, ilcd) (Entered: 01/27/2015) |
| 02/10/2015 | 46 | | ORDER of USCA as to 42 Notice of Appeal filed by Kenneth Ogurek. The following is before the court: MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS, filed on February 10, 2015, by the pro se appellant. The pro se appellant has erroneously filed the motion for leave to appeal in forma pauperis in this court. The pro se appellant should have filed the motion in the district court in the first instance. Accordingly, IT IS ORDERED that the clerk of this court transfer the motion to the clerk of the district court for a ruling on the motion, along with a copy of this order. The pro se appellant is reminded that if the district court denies the in forma pauperis motion, he/she must refile the motion in this court pursuant to Fed. R. App. P. 24. (JS, ilcd) (Entered: 02/10/2015) |
| 02/10/2015 | 47 | 213 | MOTION for Leave to Appeal in forma pauperis by Plaintiff Kenneth Ogurek. Responses due by 2/27/2015 (JS, ilcd) (Entered: 02/10/2015) |
| 02/18/2015 | 48 | 228 | ORDER entered by Chief Judge James E. Shadid on 02/18/2015. IT IS, THEREFORE, ORDERED: 1. Plaintiff's motion to reconsider 41 is DENIED. 2. Plaintiff's motion for leave to proceed in forma pauperis on appeal 47 is DENIED. The Clerk of the Court is directed to send a copy of this order to the Seventh Circuit Court of Appeals. See full written Order.(JS, ilcd) (Entered: 02/18/2015) |
| 02/19/2015 | 49 | 231 | Exhibit to Motion to Proceed on Appeal In Forma Pauperis by Kenneth Ogurek. (RK, ilcd) (Entered: 02/19/2015) |
| 03/24/2015 | 50 | | Request from USCA for Long Record re 42 Notice of Appeal. (JS, ilcd) (Entered: 03/24/2015) |
| 03/24/2015 | | | Certified and Transmitted Record on Appeal to US Court of Appeals re 42 Notice of Appeal. (JS, ilcd) (Entered: 03/24/2015) |

**CERTIFICATE OF COMPLIANCE WITH
FEDERAL RULE OF APPELLATE PROCEDURE 32(a)**

1.     This brief complies with the page limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 7,262 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using WordPerfect Version 11 in 12-point Century Schoolbook BT.

*s/ Christopher M. R. Turner*
CHRISTOPHER M. R. TURNER
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2175

Dated: January 25, 2016

## CERTIFICATE OF FILING AND SERVICE

I certify that on January 25, 2016, I electronically filed the foregoing **Brief And Supplemental Appendix Of Defendant-Appellee** with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

The other participant in this appeal is not a CM/ECF user.  I certify that said document was served on that participant by placing two (2) copies in an envelope bearing sufficient postage and directed to the address indicated below, and depositing that envelope in the United States mail at 100 West Randolph Street, Chicago, Illinois 60601, before 5:00 p.m. on January 25, 2016.

Kenneth Ogurek, #N-44063
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

Respectfully submitted,

s/ *Christopher M. R. Turner*
Assistant Attorney General
cturner@atg.state.il.us